UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT GREENEVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| V. | )  No. 2:09-CR-52 |
| | ) |
| ANTONIO B. GAINES | ) |
| SOMMER L. WRIGHT | ) |

## **REPORT AND RECOMMENDATION**

Mr. Gaines has filed a motion to suppress statements he made to law enforcement officers during and after the search of Room 235 at the Days Inn. (Doc. 39).[1] Mr. Gaines made only two statements to these officers that could be considered as incriminating.

During the search of the motel room, the drug dog alerted on a black duffle bag, which was one of three duffle bags in the room. The canine officer, Officer Griffin, asked Gaines, "Whose bag is this?", and Gaines responded that it was his. Gaines had not been given any *Miranda* warnings when he was asked this question. The question is whether he was under arrest or its functional equivalent, one of which is required to trigger an officer's obligation to provide *Miranda* warnings.[2]

In *United States v. Salvo*, 113 F.3d 943 (6th Cir. 1998), the Court of Appeals discussed and adopted various factors to consider in deciding whether or not an interrogation

---

[1] Please refer to Report and Recommendation, Doc. 56, for recitation of facts regarding the search.

[2] *Miranda v. Arizona*, 384 U.S. 436 (1966).

was "custodial" in nature.  In discussing cases decided by other circuits, the Court said:

> In these cases, the factors that courts have relied upon include: (1) the purpose of the questioning; (2) whether the place of the questioning was hostile or coercive; (3) the length of the questioning; and (4) other indicia of custody such as whether the suspect was informed at the time that the questioning was voluntary or that the suspect was free to leave or to request the officers to do so; whether the suspect possessed unrestrained freedom of movement during questioning; and whether the suspect initiated contact with the police or voluntarily admitted the officers to the residence and acquiesced to their requests to answer some questions.

*Id*., 950.

In *United States v. Crossley*, 224 F.3d 847 (6th Cir. 2000), the Court also stated that "in evaluating whether a defendant was in custodial interrogation, we look at the totality of the circumstances 'to determine how a reasonable man in the suspect's position would have understood the situation.' (quotations omitted).  One factor is whether a reasonable person in the suspect's situation would have believed that he was free to terminate the interrogation and leave." *Id*., 861.  This is an objective standard.

The dog had alerted to the presence of drug residue in various places throughout the room, including this duffle bag.  The dog's alerts moved all the parties into another legal frame of reference.  Officer Griffin knew, by reason of training and experience, that the duffle bag likely contained drugs, and she doubtlessly knew that the owner of that bag would face criminal prosecution.  Any reasonable person in Mr. Gaines' position *at that time,* i.e., after a drug dog had signified the presence of drugs in the room, would realize that he was in deep, deep trouble and not free to leave the premises under any circumstance.  When the question was asked of him, he was in custody or certainly he was in the functional

2

equivalent of custody. Therefore, these officers were obliged to give him his *Miranda* warnings prior to asking him any question to which the answer would have been incriminating. They did not do so.

The other question asked of Mr. Gaines concerned his employment, after the officers had searched his person and found $2,860.00 in currency. Gaines answered by saying that he worked construction, although he could not show any proof of such employment. Again, he was in custody or its functional equivalent at the time he was asked the question, and the question obviously was intended to elicit evidence which could be used against him. Therefore, it is recommended that defendant's motion to suppress these statements (Doc. 39) be GRANTED. [3]

Respectfully submitted,

    s/ Dennis H. Inman
United States Magistrate Judge

---

[3] Any objections to this report and recommendation must be filed within ten (10) days of its service or further appeal will be waived. 28 U.S.C. § 636(b)(1)(B) and (C). *United States v. Walters*, 638 F.2d 947-950 (6th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140 (1985).